UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMAAL BOMBER, | ) |
|       Petitioner, | ) |
|       v. | ) No. 2:22-cv-00094-JPH-MJD |
| WARDEN, | ) |
|       Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Jamaal Bomber seeks a writ of habeas corpus to vacate sanctions imposed through a prison disciplinary proceeding identified as incident report 3355618. For the following reasons, Mr. Bomber's petition is **denied**, this action is **dismissed with prejudice**, and the **clerk is directed** to enter **final judgment**.

## I. Overview

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see*

1

*also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974); *Jones,* 637 F.3d at 845 (same for federal inmates).

## II. The Disciplinary Proceeding

Incident report 3355618 is the result of an investigation the U.S. Bureau of Prisons launched after finding suboxone hidden in mail addressed to an inmate at the U.S. Penitentiary at Tucson (USP Tucson)[1] on December 18, 2019. Dkt. 11-1 at 54.[2] U.S. Postal Service tracking data shows that the package was sent from Imperial Beach, California. *Id.* at 102.

Investigators began reviewing inmate phone calls and identified three that took place on December 21, 2019, and included what they believed to be coded discussions about suboxone trafficking. *Id.* at 54. One participant was a female listed as a personal contact of Mr. Bomber, and Mr. Bomber transferred $500.00 to her on January 7, 2020, at an Imperial Beach address. *Id.*

That discovery led investigators to review a December 15, 2019, phone call between that female caller and an inmate. *Id.* at 55. The inmate paused his phone call and then relayed a Postal Service tracking number to the female caller. *Id.* Officers reviewed security video of the phone station from the time of the call and

---

[1] This action proceeds properly in this Court because Mr. Bomber filed it after being transferred to the U.S. Penitentiary at Terre Haute. "[I]t is well-established that if relief under [28 U.S.C.] § 2241 is available at all, it must be sought in the district of incarceration." *Chazen v. Marske,* 938 F.3d 851, 860 (7th Cir. 2019).

[2] The respondent filed a brief (dkt. 11), an affidavit (dkt. 11-1 at 1–7), and several attachments referenced by the affidavit (dkt. 11-1 at 8–138). The brief cites these attachments as though they are internally and sequentially paginated. *See, e.g.*, dkt. 11 at 3 ("Attachment 3 at 37–47"), 4 ("Attachment 3 at 14"), 5 ("Attachment 3 at pg. 30"). But the respondent filed the affidavit and attachments as a single document with no internal page numbers, *see* dkt. 11-1, rendering those citations meaningless. The Court cites the respondent's submissions as paginated by the electronic docket.

saw Mr. Bomber hand the inmate a slip of paper shortly before the inmate relayed the tracking number. *Id.* Postal Service tracking data shows that the package originated in Tucson and eventually arrived in Imperial Beach on December 18, 2019. Dkt. 1-1 at 2. Investigators believed the package corresponding to the tracking number was later forwarded to USP Tucson but intercepted by staff. Dkt. 11-1 at 55.

Mr. Bomber was found guilty of aiding the introduction of drugs into the prison and "phone abuse" after a disciplinary hearing on September 10, 2020. *Id.* at 18. The hearing officer assessed sanctions, including the loss of 41 days of earned credit time. *Id.* at 22.

The hearing officer provided a thorough explanation of the evidentiary basis and reasoning for the guilty finding. *Id.* at 23. Notably, the hearing officer stated that another, unnamed inmate admitted to participating in the drug-introduction scheme and said he assisted Mr. Bomber. *Id.* Additionally, the hearing officer addressed Mr. Bomber's argument that his connection to the Tucson-to-Imperial Beach package did not prove that he was involved in the Imperial Beach-to-Tucson package because they arrived in separate locations on the same date. *Id.* The hearing officer explained that Mr. Bomber was not thought to have sent both packages. *Id.* Rather, his connection to the Tucson-to-Imperial Beach package, which was established through the December 15 phone call, connected him to the female caller and to Imperial Beach, which connected him to the other participants in the scheme. *Id.*

### III. Analysis

Mr. Bomber asserts that he was convicted and punished without due process because the prison staff failed to provide him access to two pieces of evidence. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847. Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). As the petitioner, Mr. Bomber faces the burden of establishing that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Mr. Bomber first argues that the hearing officer violated due process by failing to disclose before the hearing the statement of the unnamed inmate who admitted to assisting with Mr. Bomber's drug introduction operation. *See* dkt. 11-1 at 23. But that statement was not exculpatory, as it *supports* the hearing officer's conclusion that Mr. Bomber was involved in trafficking suboxone into the prison.

Mr. Bomber next argues that investigators deprived him of due process by withholding the Postal Service's tracking data for the Tucson-to-Imperial Beach package. In his petition, Mr. Bomber reasserts the argument that any connection

4

to the Tucson-to-Imperial Beach package could not prove his responsibility for the Imperial Beach-to-Tucson package—for which he was punished—because they were separate packages that were not in the same place at the same time. Dkt. 1 at 7. But this evidence is not material. The hearing officer addressed Mr. Bomber's argument and explained that it reflected a misunderstanding of the theory of the case against him. Mr. Bomber was not found guilty of placing a package in the mail in Tucson, directing it to Imperial Beach, and somehow rerouting it back to Tucson. Rather, investigators used his participation in the December 15 phone call and the Tucson-to-Imperial Beach package to connect him to the female caller and other participants in the scheme, and they then used additional phone calls to connect those individuals (and therefore Mr. Bomber) to the Imperial Beach-to-Tucson package. Regardless of whether their analysis was sound, Mr. Bomber was able to present his argument to the hearing officer, and he has not explained how having earlier access to the tracking information would have enabled him to achieve a different outcome.

Accordingly, Mr. Bomber has not established any due process violation, and he is not entitled to habeas relief.

## IV. Conclusion

Mr. Bomber's petition for a writ of habeas corpus is **denied**. This action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 4/28/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

JAMAAL BOMBER
43202086
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov